PRICE MEESE SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel. (201) 391-3737
Fax (201) 391-9360
Rick A. Steinberg, Esq.
rsteinberg@pricemeese.com

Attorneys for Plaintiff,
Maersk Agency U.S.A., Inc.,
As agent for Maersk Line A/S dba Maersk Line

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MAERSK AGENCY U.S.A., INC., AS AGENT FOR MAERSK LINE A/S Dba MAERSK LINE, | : : : : : | Civil Action No. |
| Plaintiff, | : : | |
| vs. | : : | |
| MIAMI FREIGHT & LOGISTICS SERVICES INC., | : : : | **COMPLAINT IN ADMIRALTY** |
| Defendant. | : : | |

Plaintiff, Maersk Agency U.S.A., Inc., as agent for carrier Maersk Line A/S dba Maersk Line ("Plaintiff" or "Maersk"), having an office in the United States at 180 Park Avenue, Building 105, PO Box 950, Florham Park, New Jersey 07932, by its attorneys, Price Meese Shulman & D'Arminio, P.C., by way of Complaint against Defendant, Miami Freight & Logistics Services Inc. ("Defendant"), having a place of business at 140 Ethel Road West, Units S & T, Piscataway, New Jersey 08854, avers as follows:

**JURISDICTION**

1

1.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333.  This matter arises under the laws of the United States, in particular, <u>The Shipping Act of 1984</u> (as amended), 46 U.S.C. § 40101 et seq. (hereinafter "the Shipping Act"), and involves contract(s) within the jurisdiction of this Court or claims pendent or ancillary to the same.  This is an admiralty and maritime claim.

**FIRST COUNT**
**(For Money due Under Tariff & Service Contracts)**

2.      Maersk is a common carrier by water, *inter alia*, in the interstate and foreign commerce of the United States as defined in the Shipping Act and was such a common carrier for the benefit of Defendant.

3.      Defendant is and was at all times herein mentioned, a natural person, firm, association, organization, partnership, corporation, business, trust, or public entity, with its principal place of business or residence in this district and is and was a legal entity capable of being sued.

4.      Venue is proper in this judicial district because it is where the claim arose and/or because Defendant resides or does business in the district.

5.      Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, wharfage and dockage detention and demurrage with the Federal Maritime Commission or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to the Shipping Act.  Pursuant to the Shipping Act, Plaintiff is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts.  The Shipping Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

6.      Plaintiff transported cargo for the benefit of Defendant during 2020 in the foreign commerce of the United States in the course and scope of Defendant's NVOCC (non-vessel

operating common carrier as defined in 46 CFR 515.2(k)) operations.  Such transportation and services provided are evidenced by Plaintiff's service contracts, bills of lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference.  Plaintiff has fully performed its tariff obligations.  A summary of the relevant bills of lading and invoices are attached hereto as Exhibit "A" and made a part hereof.

7. Plaintiff has demanded that Defendant pay the full amount due of $29,900.89.

8. Defendant has knowingly and willfully failed and refused to pay Plaintiff the full amount due.

9. Consequently, Defendant is liable to Plaintiff in the amount of $29,900.89, plus reasonable attorney fees and interest thereon.

## SECOND COUNT
### (Breach of Written Contract)

10. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Said transportation was performed pursuant to written contract(s) of carriage and/or service contracts between Plaintiff and Defendant, as evidenced by said bills of lading and/or invoices listed in Exhibit "A."

12. Plaintiff has fully performed its obligations under said contracts except those obligations, if any, which Plaintiff was excused from performing.

13. Plaintiff has demanded that Defendant pay the amount due under said contracts and the Defendant has refused to pay thereon.

14. Consequently, Defendant is liable to plaintiff in the amount of $29,900.89, plus reasonable attorney fees and interest thereon.

## THIRD COUNT

**(Unjust Enrichment)**

15. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. Defendant has been unjustly enriched by failing to pay the ocean freight and/or detention charges in an amount not less than $29,900.89.

### FOURTH COUNT
**(Quantum Meruit)**

17. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. The fair value of the ocean cargo carriage and/or detention services provided by Plaintiff to Defendant is not less than $29,900.89.

### FIFTH COUNT
**(Account Stated)**

19. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Plaintiff issued the subject bills of lading on behalf of Defendant as shipper or consignee as evidenced by said bills of lading and/or invoices listed in Exhibit "A.".

21. Based on the account stated, Plaintiff has been damaged in an amount not less than $29,900.89.

### SIXTH COUNT
**(Attorney Fees)**

22. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. The bill of lading provides at Section 16.6 that "If the Merchant fails to pay the Freight when due he shall be liable also for payment of service fee, interest due on any

outstanding and/or overdue sum, reasonable attorney fees and expenses incurred in collecting any sums due to the Carrier."

24. Based on the terms of the bill of lading, Defendant is liable to Plaintiff for reasonable attorney fees and expenses incurred in collecting any sums due to Maersk.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount not less than $29,900.89, plus interest, court costs, attorney fees and such other relief as the court deems just and equitable.

PRICE MEESE SHULMAN & D'ARMINIO, P.C.
Attorneys for Plaintiff,
Maersk Agency U.S.A., Inc.,
As agent for Maersk Line A/S dba Maersk Line

By: /s/ Rick A. Steinberg
Rick A. Steinberg

Dated: February 18, 2021

## CERTIFICATION PURSUANT TO DNJ LOCAL CIVIL RULE 11.2

I certify that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding now or contemplated, and that no other parties should be joined in this action.

By: /s/ Rick A. Steinberg
Rick A. Steinberg

Dated: February 18, 2021